IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lamar Burke, | No. CV-06-445 -PHX-DGC (JCG) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

    Plaintiff, currently confined in the Maricopa County Durango Jail in Phoenix, Arizona, filed with the Clerk of the Court on February 10, 2006, a *pro se* Civil Rights Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983.  Plaintiff has been authorized to proceed *In Forma Pauperis,* and the court has directed monthly payments to be made from his prison account.

    On February 24, 2006, the Court entered an order directing the Clerk of the Court to mail a service packet to the Plaintiff, due for return to the Court on March 16, 2006. (Doc. No. 3).  The docket indicates that the Clerk of Court mailed the order and service packet accordingly.  To date Plaintiff has failed to return a completed service packet, to obtain waiver of service or to complete service of the Summons and Complaint on Defendant in this case.

    The order that was mailed to Plaintiff along with the service packet notified Plaintiff that failure to comply with every provision of the order would result in dismissal pursuant

- 1 -

to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. No. 3). The order contained provisions that required Plaintiff to return the service packet within 20 days of the date of filing of the order. Plaintiff was also notified that if he failed to comply with the order, the United States Marshal would not provide service of process.

Plaintiff was further notified within the order that he must complete service of the Summons and Complaint on Defendant within 120 days of the filing date of the complaint or within 60 days of the filing of the order, whichever was later. The order notified Plaintiff that failure to comply with either provision would result in dismissal of his case. More than 120 days have passed since Plaintiff filed his complaint, and to date service has not been completed.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff's failure to complete service of the Summons and Complaint on Defendant within 120 days of the filing date of the complaint or within 60 days of the filing of the order constitutes failure to prosecute.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962). In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

1  Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
2  to serve Defendant, or to actively participate in this case, prevents the case from proceeding
3  in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth
4  factor requires the Court to consider whether a less drastic alternative is available.

5  The Court finds that only one less drastic sanction is realistically available. Rule
6  41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
7  merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
8  a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can
9  be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
10 Procedure.

## RECOMMENDATION

12 Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule 1.17(d)(2),
13 Rules of Practice of the United States District Court, District of Arizona, the Magistrate
14 Judge recommends that Plaintiff's Complaint (Doc. No. 1) and this action be DISMISSED
15 WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for
16 failure to prosecute.

17 Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within
18 10 days after being served with a copy of this Report and Recommendation. If objections
19 are not timely filed, they may be deemed waived. The parties are advised that any objections
20 filed are to be identified with the following case number: **CV-06-445 -PHX-DGC.**

21 DATED this 22nd day of June, 2006.

_____
Jennifer C. Guerin
United States Magistrate Judge